Jones v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-275-CR

     YVETTA JONES,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 85th District Court
Brazos County, Texas
Trial Court # 20,492-85
                                                                                                    

O P I N I O N
                                                                                                    

      Yvetta Jones appeals her conviction for two counts of aggravated assault with a deadly
weapon. She was found guilty by a jury in both counts, and the jury assessed punishment at two
years in prison, probated for ten years, in count one and two years in prison, without probation,
in count two. Finding the evidence sufficient to support the convictions, we affirm.
      The indictment charged that Jones did:
then and there intentionally and knowingly cause bodily injury [to Thelma Ann Hunter
by cutting her on the left side (count one) and to Lynn Mitchell by cutting her on the
back, chest, and face (count two)] and did then and there use a deadly weapon, to wit:
a razor-type instrument that in the manner of its use and intended use was capable of
causing death and serious bodily injury.

At trial she argued that she was justified in using deadly force because a reasonable person in her
situation would not have retreated and because she believed the deadly force was immediately
necessary to protect herself against Thelma Hunter's, Lynn Mitchell's, or Alice Brisby's use or
attempted use of unlawful deadly force.



      In a single point of error Jones contends that the evidence is insufficient to support her
convictions because a rational trier of fact would not have found against her on the self-defense
issue. In resolving the sufficiency-of-the-evidence issue, we look not to whether the State
presented evidence that refuted Jones's self-defense testimony, but instead, we determine whether,
after viewing all the evidence in the light most favorable to the prosecution, any rational trier of
fact could have found the essential elements of the offense beyond a reasonable doubt and also
could have found against Jones on the self-defense issue beyond a reasonable doubt.


 Jones does
not contend, in a separate point of error, that the verdict is so against the great weight and
preponderance of the evidence as to be manifestly unjust.



      Lynn Mitchell testified that on May 17, 1991, she was walking with her sister, Thelma
Hunter, and her cousin, Alice Brisby, to her mother's house. According to Mitchell, Hunter was
carrying her son, Melvin. Mitchell testified that she had stopped to talk to Bill Harnsberry, who
was sitting along the sidewalk, when she heard Jones holler to Hunter, "Bitch, what are you
looking at?" Mitchell looked up and saw Jones run toward Hunter and hit her in her side. When
Mitchell saw Hunter drop Melvin, she started toward her. Mitchell testified that she threw her
purse at Jones, but that she had nothing in her hand when they started fighting. Jones, on the
other hand, had a razor-like boxcutter, and Mitchell sustained cuts to her chest, face, and neck. 
Meanwhile, Hunter had been charged by Jones' sister Laquetta, and her mother, JoAnn Shivers. 
According to Mitchell, Hunter eventually ran to her mother's house next door. Shivers then
grabbed Mitchell around her neck, and Laquetta was cutting her back. Mitchell testified that
Hunter had apparently found a stick, ran back toward them, and hit Shivers and Laquetta. Both
Hunter and Mitchell were then able to escape to the house.
      Thelma Hunter testified that, as they approached the yard where Jones was standing, they
moved off the sidewalk onto the street. Hunter also testified that Jones called her a "bitch" and
asked her what she was looking at. Hunter responded, "I'm looking at you." Hunter was holding
Melvin on her shoulder when Jones cut her with a boxcutter razor blade. Mitchell then grabbed
Jones, and they started fighting. According to Hunter, after fighting with Shivers and Laquetta,
she went to the garage next door, found a stick, returned to the street, and hit both Shivers and
Laquetta. Hunter and Mitchell then returned to the house where they called the ambulance. 
Hunter testified that she was cut on the side, back, and chest and that she suffered a punctured
lung.
      JoAnn Shivers testified that when Hunter, Mitchell, and Brisby approached the yard where
she was sitting, Hunter came into the yard and said to Jones, "Bitch, what do you want to do?" 
According to Shivers, Hunter threw the first blow. Despite Shivers' attempts to stop the fight,
it went on for about ten or fifteen minutes. Shivers also testified that Hunter hit her in the face
with a stick before hitting Laquetta in the arm.
      Jones testified that she received a telephone call from Mitchell about an hour before the fight. 
According to Jones, Mitchell wanted to meet her so they could fight, saying, "Bitch, you ain't
going to live long. Bitch, I'm going to kill you today." Jones also testified that she was sitting
in the yard when Mitchell approached her and said, "Bitch, what you want to do?" Jones
responded, "Go on, old girl. I don't have time for that shit." When Mitchell stepped up and
swung at Jones, she swung back. Jones testified that she did not have a razor blade or boxcutter
in her hand at that time. According to Jones, both Mitchell and Brisby attacked her with a shard
of glass from a beer bottle that Brisby had broken. Jones testified that Mitchell cut her on her left
wrist and right upper arm with the shard of glass. Because she was afraid for her life, she then
pulled the razor out of her pocket and started swinging with it. 
      Although Jones testified that she was afraid for her life and that there was no way to retreat,
the jury is the sole judge of the weight and credibility of the witnesses and may believe or
disbelieve all or any part of any witness' testimony.


 The issue of self-defense is a question of fact
to be determined by the jury.


 On the basis of these facts, viewing all the evidence in the light
most favorable to the prosecution, we hold that a rational jury could have found beyond a
reasonable doubt against Jones on the self-defense issue. Because the evidence is sufficient to
support the convictions, we overrule Jones' single point of error.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed May 26, 1993
Do not publish